UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ALI M. GILBERTSON,<br><br>              Plaintiff,<br><br>   vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>              Defendant. | CIV. 12-4176-KES<br><br>ORDER GRANTING MOTION FOR ATTORNEY'S FEES |

Plaintiff, Ali M. Gilbertson, moved for reversal of the Commissioner of Social Security's decision denying her application for disability insurance benefits. On February 27, 2014, the court reversed and remanded the Commissioner's decision denying benefits. Gilbertson now seeks an award of $8,729.10 in attorney's fees, $523.75 in sales tax, and $17.25 in costs pursuant to the Equal Access to Justice Act. Gilbertson's supplemental motion seeks an additional award of $585.60 in attorney's fees, and $35.14 in sales tax related to preparation of the attorney's fees petition. The Commissioner objects to the motion. The court grants Gilbertson's motions for attorney's fees.

## DISCUSSION

Under the Equal Access to Justice Act, the prevailing party in a proceeding for judicial review of federal agency action is entitled to legal fees and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). In this context, "substantially justified" means "justified to a degree that could satisfy a reasonable person" or having a "reasonable basis in law and fact." *Koss v. Sullivan*, 982 F.2d 1226, 1229 (8th Cir. 1993) (quoting *Pierce v. Underwood*,

487 U.S. 552, 566 n.2, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988)). The standard is whether the Commissioner's position is well founded in law and fact, "solid though not necessarily correct." *Lauer v. Barnhart*, 321 F.3d 762, 764 (8th Cir. 2003). The government bears the burden of proving that the denial of benefits was substantially justified. *Id.* (citing *Welter v. Sullivan*, 941 F.2d 674, 676 (8th Cir. 1991)).

In deciding whether Gilbertson was entitled to benefits or not, the record reveals no reasonable basis for the Administrative Law Judge's (ALJ's) legal error in incorrectly calculating her substantial gainful employment (SGA) during the period of September 8, 2008, through June of 2009. The Commissioner even conceded that the ALJ erred at step one. This error affected the entirety of the remainder of the five-step sequential process, particularly the analysis of when Gilbertson began not engaging in SGA and the determination of whether there was a continuous 12-month period during which Gilbertson was disabled. Additionally, the ALJ failed to consider at step two Gilbertson's visual limitations and failed to incorporate those limitations, severe or nonsevere, into Gilbertson's residual functional capacity. Finally, the ALJ failed to adequately explain the weight given to medical opinions, including those of Gilbertson's treating physician. Thus, neither the ALJ's nor the Commissioner's position in this case was well founded in law and fact. *See Lauer*, 321 F.3d at 764. Accordingly, the government's position was not substantially justified and Gilbertson is entitled to attorney's fees pursuant to 28 U.S.C. § 2412(d)(1)(A).

Although the Commissioner objects to the payment of attorney's fees, she did not object to the amount of the fee request.

## CONCLUSION

Accordingly, it is

ORDERED that Gilbertson's motion for attorney's fees (Docket 20) and supplemental motion for attorney's fees (Docket 26) are granted in the amount of $9,314.70 in attorney's fees and sales tax in the amount of $558.89.

IT IS FURTHER ORDERED that Gilbertson is awarded costs of $35.14. These costs will be paid from the United States Department of Justice Judgment Fund.

IT IS FURTHER ORDERED that if it is determined upon effectuation of the court's EAJA fee order that plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program and the Commissioner agrees to waive the requirements of the Anti-Assignment Act, the fees will be made payable to plaintiff's attorney. If there is a debt owed under the Treasury Offset Program and as a result the Commissioner does not agree to waive the requirements of the Anti-Assignment Act, the remaining fee after offset will be paid by a check made out to plaintiff but delivered to plaintiff's attorney.

Dated August 19, 2014.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE